UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | :    Case No. 21-cr-160-5 (TJK) |
| v. | : |
| | : |
| WILLIAM CHRESTMAN | : |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER DETENTION**

"We stormed the Capitol building! We rushed that shit! We took that house back…we took it over…We made the House leave…they couldn't finish their vote…that hasn't been done since 1850…it was different than chaos; we the people took control!"

In a self-recorded telephone call on January 6, 2021,[1] defendant William Chrestman ("the defendant") not only celebrated his active role in the violent effort to stop the peaceful transfer of presidential power, but also demonstrated to the Court why he is a danger to the community and should not be released. For this reason and the reasons fully discussed herein, the defendant's Motion to Reconsider Detention (ECF No. 74) should be denied.

Rather than restate the facts of the case, the entire procedural history, and the arguments for detention that were raised before Chief Judge Howell (ECF No. 9), the government asks that the Court incorporate those facts and arguments in deciding this motion.

---

[1] See attached Exhibit 1: transcript of a portion of recorded telephone calls made to W-1 on January 6, 2021. For reference, the defendant's initials "WC" appear next to his statements, while W-1's initials have been redacted, along with other information that could identify persons who are not involved in this litigation.

1

## PROCEDURAL POSTURE

The defendant was arrested and presented pursuant to a criminal complaint and was then released by a Magistrate Judge in the District of Kansas after denying the government's initial motion for detention. The government moved on February 20, 2021, for an Emergency Stay of the defendant's release, which was granted (ECF No. 13). The government and then-counsel for the defendant presented argument remotely before Chief Judge Howell on February 23, 2021. At the hearing, Chief Judge Howell reversed the Magistrate Judge's decision to release the defendant and thereafter issued a detailed Memorandum Opinion citing the reasons for the decision (ECF No. 26). Days later, on February 26, 2021, a grand jury returned an indictment (ECF No. 29) against the defendant and his co-defendants, charging the defendant with the following offenses: conspiracy, in violation of 18 U.S.C. § 371; obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); civil disorder, in violation of 18 U.S.C. § 231(a)(3); threatening a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B); and entering or remaining on restricted building or grounds with a dangerous weapon enhancement, in violation of 18 U.S.C. § 1752(a)(1) and (2) and (b)(1)(A). Following the indictment, the case was transferred to this Court. The defendant now moves for his release, asking the Court to reconsider his detention.

## LEGAL AUTHORITY

The Court can reconsider pretrial detention at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2); *United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014). However, even new information provided by the defendant in its motion would still be

subject to the Bail Reform Act, 18 U.S.C. § 3142(g), pretrial detention rubric. *See id.* at 54-55, 59.

For interlocutory pre-trial detention orders, the Court may also apply an "as justice requires" standard that is usually applied to motions under Federal Rules of Civil Procedure 54(b). *See, e.g., United States v. Hong Vo*, 978 F. Supp. 2d 41, 47 (D.D.C. 2013). However, reconsideration under that standard is warranted where the Court "patently misunderstood the parties, made a decision beyond the adversarial issues presented, or where a controlling or significant change in the law has occurred." *Id.* at 48 (quoting *Arias v. DynCorp*, 856 F. Supp. 2d 46, 52 (D.D.C. 2012)).

## ARGUMENT

As was the case when his release was reversed by Chief Judge Howell, the "[d]efendant's conduct on January 6 and blatant disregard for the law clearly show that he is a serious danger to the community and the nation, and that no condition or combination of conditions can be imposed that will ensure his compliance with the law pending trial in this matter." ECF No. 23 at 31-32. While the defendant provides some limited information about his physical and mental health (ECF No. 74 at 6), the defendant offers no new information that has a *material bearing* on whether he should be released. The defendant instead rehashes the Bail Reform Act factors as he erroneously characterizes the nature of the case and the government's evidence. ECF No. 74 at 3-8. This does not entitle him to a reconsideration of his bond status. *See* 18 U.S.C. § 3142(f)(2). Further, the defendant presents no argument that would avail himself to any reconsideration under the aforementioned "as justice requires" standard, nor is any reconsideration warranted under *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021). Accordingly, there is no sufficient basis before the Court to grant the defendant's motion.

## I. The Defendant's Proffered Physical and Mental Health Conditions Do Not Have a Material Bearing on His Pre-Trial Detention.

In support of his motion for reconsideration, defendant Chrestman presents information about pre-existing medical conditions that he failed to present at prior hearings on his detention. ECF No. 74 at 6. The defendant states that he was "injured in a workplace accident" in 2010 which resulted in "long-term chronic backpain" and still persists to this day. *Id.* He states that at present he is "not receiving the appropriate regimen of medications during this period of incarceration," and lists several pain medications. *Id.* He does not state whether the D.C. Jail is currently offering him any treatment for his back pain, or whether he has asked for a different treatment regimen and been denied, but just that he is not receiving the treatment he would normally receive while in the community.

Regardless, this is not a basis on which the defendant can move for reconsideration. First, information about pre-existing medical conditions is, almost by definition, not information "that was not known to the movant at the time of the hearing." 18 U.S.C. § 3142(f)(2). Prior counsel made no mention of Chrestman's mention chronic back pain in the February 23, 2021 hearing or in the preceding pleadings,[2] nor did the defendant himself raise this information at his initial hearing or at the subsequent appeal hearing. If he is arguing that the "new information" is that he is not at present receiving his preferred treatment, a motion to modify his medical treatment at the D.C. Jail with a hearing on the matter would be a more appropriate remedy.

---

[2] For the Court's convenience, the government has attached a consolidation of the defendant's pleadings which were used to inform Chief Judge Howell before the February 23, 2021 hearing, and which do not appear on the Court's docket for this case. The pleadings are attached as Exhibit 2, and are 1) the defendant's opposition to the government's request for detention (21-mj-8023-TJJ No. 7); and 2) the defendant's opposition of the government's request to stay release (21-mj-8023-JPO No. 13).

But second, and more importantly for this motion, the defendant does not state how, in any way, his chronic back pain or his lack of appropriate treatment (if that is indeed the case) assuages his danger to the community, which is required under the law for reconsideration. 18 U.S.C. § 3142(f)(2); *accord Bikundi*, 73 F. Supp. 3d at 54. Interestingly, the defendant's back pain did not prevent him from storming the United States Capitol while armed with an axe handle, threatening law enforcement officers, and attempting to prevent Congressional proceedings, among other conduct. Therefore, his back pain or treatment for the same has no material bearing on an analysis of the Bail Reform Act, and should not be used as a basis to reconsider his detention status.

Similarly, the defendant states plainly that he has some pre-existing mental health diagnoses for which he is not receiving treatment. *Id*. As with the back pain, he does not state whether he has reported these ailments to the D.C. Jail staff or whether the D.C. Jail has refused to offer treatment; merely he asserts that the conditions "are going untreated at present." *Id.* Aside from the fact that previous counsel for the defendant represented that the defendant had no mental health conditions from which he suffered (*see* Exhibit 2 at 12), this is also not new information that would have a material bearing on the defendant's release for the same reasons articulated above. The fact that the defendant was receiving treatment for these conditions while in the community does nothing to allay his danger to the community as found by Chief Judge Howell. Furthermore, neither his physical nor mental health conditions require the Court to reconsider his conditions "as justice requires;" just because these issues were not previously litigated would not lead the Court to "misunderstand" the circumstances of the defendant's detention. *See Hong Vo*, 978 F. Supp. 2d at 47-48.

## II. The Defendant Remains a Danger to the Community Pursuant to the Bail Reform Act Factors.

In his motion, the defendant states repeatedly that the Bail Reform Act factors do not support his detention because he is not a risk of flight. ECF No. 74 at 5, 6, and 8. Chief Judge Howell did not detain the defendant because he is a flight risk, but rather because the government "establish[ed], by clear and convincing evidence, that no condition or combination of conditions can be imposed that would reasonably ensure the *safety of the community* were he to be released pending trial." ECF No. 23 at 32 (emphasis added). Any argument on the issue of the defendant's flight risk is therefore irrelevant.

As to the issue of his dangerousness, the defendant first argues that the nature and circumstances of this case "leads to a conclusion of release," and insinuates that Chief Judge Howell did not consider the "nature and circumstances *specifically in reference to him*." ECF No. 74 at 4 (emphasis added). This is simply not true. In the Memorandum Opinion, Chief Judge Howell thoroughly examined the nature and circumstances of the defendant's specific conduct when finding that he was a danger to the community, taking explicit care to reference that not every defendant charged with a felony from the January 6 attack on the Capitol has been held pending trial. ECF No. 23 at 13-18. In the instant motion, the defendant in a few sentences dismisses the several pages of specific conduct attributed to him in the detention decision, and speciously moves the goal posts on his conduct, stating that he was not there in an "'official' capacity" as a Proud Boy to effectuate a "concerted operation." ECF No. 74 at 4. Notwithstanding that the government has never asserted he was there in any "official capacity," the government has articulated ample evidence of the defendant's role in leading not only his co-defendants, but also spurring on the efforts of untold others. *See* ECF No. 9 at 7-16, 20-21; *and* ECF No. 23 at 13-18.

The nature and circumstances of *his specific conduct* is a significant reason why he was held, and nothing presented by the defendant in his motion undermines this factor.

Along those lines, the defendant ineffectively attacks the weight of the evidence against him that has been proffered and disclosed by the government (ECF No. 74 at 5), even though he did not seriously challenge this factor in the previous hearings. *See* ECF no. 23 at 19. Despite the defendant's self-recorded videos and telephone calls detailing his conduct[3] and the social media and surveillance video that show the same, the defendant nevertheless argues incredulously that the government's evidence shows the defendant was merely "in the vicinity" and that he was only "involved in a protest event," and further that this evidence is "circumstantial rather than direct." ECF No. 74 at 5. This is a grievous misstatement of the evidence against him, which might explain why the defendant quickly moves on to argue that the weight of the evidence against the defendant is just one factor to consider against him. *Id.* Had Chief Judge Howell only considered the overwhelming weight of the evidence against the defendant when reaching her decision, the defendant might have some traction with his argument, but Chief Judge Howell was far more diligent, as the Bail Reform Act requires. *See, e.g., United States v. Taylor*, 289 F. Supp. 3d 55, 66 (D.D.C. 2018). The weight of the evidence in this case very clearly supports his continued detention.

Other than the previously discussed health concerns, the defendant offers nothing new by way of history and characteristics other than what has already been litigated. *See* ECF No. 23 at

---

[3] Copies of which were furnished to counsel for the defendant on May 12, 2021, two weeks prior to the filing of the instant motion. These recorded calls (including the calls detailed in Exhibit 1) and videos were not known to the government in previous litigation on the defendant's detention decision and were only discovered after the defendant's cell phone was searched pursuant to a lawful search warrant. Even still, they serve only as further inculpatory evidence which would not have affected the outcome in the defendant's favor.

27. Perhaps unsurprisingly, the defendant does not even address the likely disposal of evidence in this case or the lack of remorse for his actions[4] which informed Chief Judge Howell's analysis. *Id.* at 28-29. For these reasons and the reasons discussed above, this factor still weighs in favor of his detention.

Finally, the defendant essentially restates his case for release when looking to the fourth Bail Reform Act factor, the nature and seriousness of the danger to the community posed by the defendant's release. ECF No. 74 at 7-8. But, while he does not cite explicitly to the United States Court of Appeals for the District of Columbia Circuit's decision in *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), he does claim that there is "no articulable threat identified by the government to form the basis of a danger to the community argument." ECF No. 74 at 8. Given that *Munchel* was decided more than a month after the defendant was ordered detained by Chief Judge Howell, it is worth a brief discussion as to whether *Munchel* would have impacted the decision. That said, according to the Circuit itself in *Munchel*, defendants who "aided, conspired with, planned, or coordinated [the attack on the Capitol] are in a different category than those who cheered on the violence or entered the Capitol after others cleared the way." 991 F.3d at 1284. The defendant is undoubtedly in the former category. His dangerousness is demonstrated not only by his active role in leading the co-defendants in his conspiracy and the crowd writ large in the attack on the Capitol, but also in the fact that he was carrying an axe handle during the attack and made threats to law enforcement officers. *See* ECF No. 23 at 30. Consequently, even when viewed

---

[4] The defendant states in a footnote to his motion that "Mr. Chrestman has renounced any association with [the Proud Boys] or its goals." ECF No. 74 at 8 n. 1. This is not an expression of remorse for his conduct on January 6, 2021, but rather a prophylactic effort to distance himself from others with whom he joined that day. The defendant was evidently extremely proud of what he and his fellow Proud Boys accomplished after the attack, as evidenced in Exhibit 1.

8

through the lens of *Munchel*, the nature and seriousness of the danger to the community posed by the defendant's release wholly supports the defendant's continued detention.

## CONCLUSION

For the foregoing reasons, and any additional reasons that may be cited at a hearing on this motion, the government respectfully requests the defendant's motion be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By: */s/Christopher A. Berridge*
Christopher A. Berridge
GA Bar No. 829103
Assistant United States Attorney
555 4th Street, N.W., Room 4124
Washington, D.C. 20530
(202) 252-6685
Christopher.Berridge@usdoj.gov