UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-160-5 (TJK) |
| | : | |
| WILLIAM CHRESTMAN | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION
TO HIS MOTION TO RECONSIDER DETENTION**

William Chrestman, through undersigned counsel, replies to the Government's Opposition to his Motion to Reconsider Detention. Mr Chrestman asserts the government's opposition is based on inferences and conclusions not supported by the evidence. In support of this reply, Mr Chrestman states the following.

I.    NEW INFORMATION ON DANGEROUSNESS IN THE BRA CONTEXT.

"*And we did it all without hurting a f****** single person. That's the difference between the left and the right. We could've easily taken out the cops, and we didn't. 'Cause in reality, we love the cops.*"[1] William Chrestman, 1/6/2021.

It is not an issue here whether the statement highlighted in the government's opposition to Mr Chrestman's Motion to Reconsider Detention may originate with Mr Chrestman. It should however, be noted that there is no language in that statement that indicates any kind of violence or violent behavior towards a person or persons. When taken in context with the statement above, taken from footage recorded by Mr Chrestman on 6 January outside the

---

[1] The government provided the defense with a series of short footage clips taken by Mr Chrestman on 6 January, 2021. This excerpt is from a file labelled "20210166_142244.mp4". The complete recording is 2.14 minutes long. The statement here starts time -1.23 to -1.05 as the video counts down.

Capitol Building itself and provided by the government in discovery, a very different picture of William Chrestman appears. We do not have a person who is "*celebrating his active role in the violent effort to stop the peaceful transfer of presidential power…*" (EFC 77 at 1), but rather the exact opposite: a person who is observing the fact that no one was exposed to any danger and displaying his and his co-protesters' respect for the men and women of law enforcement that day. To be clear, whether the underlying purpose of the presence of all those protesters on Capitol Hill that day had any legitimate basis in any ongoing legal/constitutional debate is a question for another day and we are not here at this juncture to try this case. Rather the sole question today is regarding pretrial release, and whether Mr Chrestman constitutes a danger to the community. In the heat and frenzy of the scene, there-and-then in that environment, William Chrestman clearly espouses a concern for the well-being of fellow citizens, a respect for the law-enforcement community and a pride in the peaceful nature of events as he perceived them. The evidence shows these are not the words and acts of a person who poses any danger to anyone in any community either at that time or in the future.

In her Memorandum Opinion granting government's request to detain Mr Chrestman, Chief Judge Howell discussed, "(I)n addition, a defendant's words and movements during the riot reflect the egregiousness of his conduct." ECF No. 27 at 16. Chief Judge Howell is basing her stance on information presented to her by the government stemming from materials they had in their possession. Assumedly this originates with Mr Chrestman's phone. Being in possession of his phone though means the government was also in possession of his statements discussing the peaceful nature of the protest recently provided to counsel in discovery. The lack of any discussion of those statements in Chief Judge Howell's memorandum would indicate she was not presented with those statements, and were consequently not included in that court's determinations. Given the import the District Court placed on a defendant's "words" Mr Chrestman submits those statements should enter into the calculus addressing

dangerousness and under-mine the government's position. Mr Chrestman asks this Court to take his statements highlighted above into consideration is assessing dangerousness in the BRA context.

## II.   ASSESSMENT OF DANGEROUSNESS SUBSEQUENT TO *MUNCHEL*

In its Opposition, the government agrees the decision in *United States v Munchel,* 991 F.3d 1273 (D.C. Cir. 2021) alters the playing field from the time when this matter was decided. However, in addressing *Munchel,* the government skips over the essential ruling in that case. *Munchel* stands for the proposition that courts must find an "identified and articulable threat to the community." *Munchel,* 991 F.3d at 1283. The District Court in that case had found dangerousness where, "(defendant's) alleged conduct indicates he is willing to use force to promote his political ends, and that (such) conduct poses a clear risk to the community." *Id* at 1283. The Circuit Court determined that in making its decision the (District) Court did not explain how it reached that conclusion notwithstanding the countervailing finding that "the record contains no evidence indicating that, while inside the Capitol, Munchel or Eisenhart vandalized any property or physically harmed any person," *Id* at 1283, 84. Ultimately, the *Munchel* court determined "(T)hat Munchel or Eisenhart assaulted no one on January 6; that they did not enter the Capitol by force; and that they vandalized no property are all factors that weigh against a finding that either pose a threat to of "using force to promote [their] political ends".... *Munchel* at 1283.

Mr Chrestman reminds the Court that much like the defendants in *Munchel,* he is not accused of committing violence nor vandalization of property. The government points to alleged behavior or statements that would allude to such, but refrains from actually charging such conduct. The District Court in this matter based its dangerousness determination on 'an *apparent* willingness to take coordinated, pre-planned, and egregious actions to achieve his unlawful aims.' ECF No. 27 at 18 (emphasis added). This is very similar to the District Court

in *Munchel* finding the defendant "willing to use force to promote his political ends". *Munchel* at 1283. Much like *Munchel*, the government here has not presented evidence of actual violent activity and does not argue that there is any evidentiary basis to sustain an articulable threat to the community in view of conduct on 6 January 2021. We thus find the issue identical to that contemplated by the appellate court in *Munchel*. Mr Chrestman asks this Court to find that the lack of evidence of an articulable threat to the community undermines the government's request for pretrial detention, and should order Mr Chrestman released with the appropriate conditions to satisfy the concerns of the Bail Reform Act statute.

### III.  WILLIAM CHRESTMAN'S MEDICAL CONDITIONS

The government argues that (1) at the prior detention hearings, Mr Chrestman did not raise the issues of his medical conditions, (2) that pre-existing medical conditions is not information that was not known to the movant at the time of the hearing, and (3) that Mr Chrestman's medical conditions have no bearing on the question of dangerousness. ECF 77 at 4. First Mr Chrestman would note that during the period of prior detention hearings/litigation, undersigned counsel was not yet counsel of record. It is unclear to undersigned counsel what transpired aside from the record being absent to this information. Counsel only became aware of this information once Mr Chrestman had been transferred to the District of Columbia and meaningful client/attorney meetings could take place. With respect to the second point, again, counsel was not involved in the matter at that time and cannot speak to what may or may not have been known in the context of 18 U.S.C. 3142 relevance. However, again, the record is silent on this issue assuming this information was not brought before the court. Addressing the government's third point, the relevance of Mr Chrestman medical conditions does not pertain directly to dangerousness under 18 U.S.C. 3142 (g)(4), but rather the history and characteristics of the person pursuant to 18 U.S.C. 3142 (g)(3)(A). In the interest of justice, William

Chrestman would ask that the Court take these previously not raised matters into account in a complete 18 U.S.C. 1342 assessment.

WHEREFORE, for the reasons addressed above, William Chrestman requests that this court in reviewing a previous detention order, deny the government's request for pretrial detention in this matter, and release Mr Chrestman with whatever conditions of release the Court deems appropriate.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper,
Bar No. 478-082
Counsel for William Chrestman
400 Fifth Street, NW
Washington DC 20001
(202) 400.1434
pcooper@petercooperlaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Reply to Government's Opposition to Defendant's Motion to Reconsider Detention is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 16th day of June, 2021.

/s/ *Peter A. Cooper*
_____
Peter A. Cooper